UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEONARINE KHAM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TONYA ANDREWS, et al.,<br><br>　　　　　Respondents. | No.  1:26-cv-01698-KES-SKO (HC)<br><br>A-Number: 027-379-036<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>Docs. 7, 16 |

Petitioner Keonarine Kham is an immigration detainee who was admitted as a refugee in 1985, convicted of crimes of moral turpitude, ordered removed in 2004, released by immigration authorities, then re-detained on January 8, 2026.  *See* Doc. 6, Gallenkamp Decl. at ¶¶ 7–10; Doc. 6, Exs. 3, 4.  Petitioner was convicted of many additional offenses during the time between his release in 2004 and his re-detention in 2026, including convictions for possession of a controlled substance.  Doc. 6, Ex. 5.  His most recent conviction, for battery on a spouse, occurred on January 7, 2026—the day before respondents re-detained him.  *Id.* at 54.

After ICE re-detained petitioner, ICE submitted a request for a travel document to Thailand, and Thailand denied that request.  Doc. 6, Gallenkamp Decl. at ¶¶ 15–16.  ICE then decided that it would attempt to remove petitioner to Cambodia, and DHS filed a motion to

1

reopen petitioner's removal proceedings so that petitioner could seek relief from removal to Cambodia. *Id.* ¶ 10. The immigration court granted DHS's request to reopen petitioner's removal proceedings. Doc. 20.

Petitioner filed a petition for writ of habeas corpus on March 2, 2026, *see* Doc. 1, and this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On March 16, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition. Doc. 7. The findings and recommendations concluded that respondents violated 8 C.F.R. § 241.13(i)(2) because they detained petitioner without making a showing that there was a significant likelihood of petitioner's removal in the reasonably foreseeable future. *See id.* Petitioner filed a motion for temporary restraining order on June 4, 2026. Doc. 16.

The Court declines to adopt the findings and recommendations and denies petitioner's motion for temporary restraining order. The grant of DHS's motion to reopen petitioner's removal proceedings vacated petitioner's prior removal order. *See Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002) ("The BIA's granting of the motion to reopen means there is no longer a final decision to review."); *Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2004) ("[T]he grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings."). As petitioner's original removal order has been vacated, 8 U.S.C. § 1231(a)(6) and 8 C.F.R. § 241.13(i)(2) no longer apply to him.

Instead, the authority to detain petitioner is now at 8 U.S.C. § 1226(c). Section 1226 generally applies "pending a decision on whether the alien is to be removed from the United States," *i.e.*, while removal proceedings are ongoing. 8 U.S.C.A. § 1226(a). Section 1226(c)(1)(B) mandates the detention of "any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C.A. § 1226(c)(1)(B). 8 U.S.C. § 1227(a)(2)(B)(i) applies to "[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving

possession for one's own use of 30 grams or less of marijuana[.]"  8 U.S.C. § 1227(a)(2)(B)(i). Petitioner has been convicted of multiple offense relating to a controlled substance.  *See* Doc. 6, Ex. 5.  Given petitioner's multiple controlled substance convictions and his ongoing removal proceedings, he is subject to 8 U.S.C. § 1226(c)(1)(B).

The findings and recommendations and the motion for temporary restraining order did not address 8 U.S.C. § 1226(c)(1)(B), the statute which applies to petitioner.  The Court will therefore refer this matter back to the assigned magistrate judge for further proceedings consistent with this Order.

Accordingly,

1.	The Court declines to adopt the findings and recommendations (Doc. 7);

2.	The motion for temporary restraining order (Doc. 16) is denied;

3.	This matter is referred back to the assigned magistrate judge for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated:    June 28, 2026   

_____
UNITED STATES DISTRICT JUDGE