UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEONARINE KHAM,
A-Number: 027-379-036,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-01698-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY MOTION FOR RELEASE, DENY MOTION FOR APPOINTMENT OF COUNSEL, AND DENY MOTION TO ENFORCE HABEAS CORPUS ORDER AND IMMEDIATE RELEASE**

(Docs. 1, 11, 13, 18)

[14-DAY DEADLINE]

## I. INTRODUCTION

Petitioner Keonarine Kham is an immigration detainee initially proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). On March 16, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition. (Doc. 7). On May 4, 2026, and June 5, 2026, Petitioner filed motions seeking to enforce the findings and recommendations and seek immediate release. (Docs. 11 & 18). On May 26, 2026, Petitioner filed a motion for appointment of counsel. (Doc. 13). On June 3 and 4, 2026, counsel appeared for Petitioner. (Docs. 14 & 15). On June 28, 2026, the District Judge declined to adopt the prior findings and recommendations, denied Petitioner's motion for a temporary restraining order, and

referred the matter back to the undersigned for further proceedings. (Doc. 22). For the reasons discussed below, the undersigned recommends that the petition be granted (Doc. 1), that Respondents be directed to provide Petitioner an individualized bond hearing, and that Petitioner's motions to enforce the prior findings and recommendations (Docs. 11 & 18) and motion for appointment of counsel (Doc. 13) be denied as moot.

## II. BACKGROUND

Petitioner is an immigration detainee who was admitted as a refugee in 1985, convicted of crimes of moral turpitude, ordered removed in 2004, released by immigration authorities, then re-detained on January 8, 2026. (Doc. 22 at 1 (citation omitted)). Petitioner was convicted of many additional offenses during the time between his release in 2004 and his re-detention in 2026, including convictions for possession of a controlled substance. (*Id.*). His most recent conviction, for battery on a spouse, occurred on January 7, 2026—the day before respondents re-detained him. (*Id.*).

After U.S. Immigrations and Customs Enforcement ("ICE") re-detained petitioner, ICE submitted a request for a travel document to Thailand, and Thailand denied that request. (*Id.*). ICE then decided that it would attempt to remove petitioner to Cambodia, and the Department of Homeland Security ("DHS") filed a motion to reopen petitioner's removal proceedings so that petitioner could seek relief from removal to Cambodia. (*Id.* at 2).

Petitioner filed a petition for writ of habeas corpus on March 2, 2026 (Doc. 1), and this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On March 16, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition. (Doc. 7). The findings and recommendations concluded that respondents violated 8 C.F.R. § 241.13(i)(2) because they detained petitioner without making a showing that there was a significant likelihood of petitioner's removal in the reasonably foreseeable future. (*See id.*). On May 4, 2026 and June 5, 2026, Petitioner filed *pro se* motions seeking to enforce the findings and recommendations and seek immediate release. (*See* Docs. 11 & 18). Although Petitioner filed a motion for appointment of counsel on May 26, 2026 (Doc. 13), counsel for Petitioner soon after appeared on June 3 and 4, 2026 (Docs. 14 & 15). Additionally,

on June 4, 2026, Petitioner filed a motion for temporary restraining order. (Doc. 16).

While objections were pending, the immigration court granted DHS's motion to reopen petitioner's removal proceedings, setting an initial master calendar hearing for June 23, 2026. (Doc. 20). On June 28, 2026, the District Judge declined to adopt the findings and recommendations and denied Petitioner's motion for a temporary restraining order. (Doc. 22). The District Judge held that the grant of the motion to reopen vacated Petitioner's prior removal order, that 8 U.S.C. § 1231 and 8 C.F.R. § 241.13 therefore no longer governed Petitioner's detention, and that the authority to detain Petitioner is now 8 U.S.C. § 1226(c), under which Petitioner is subject to mandatory detention by reason of his controlled substance convictions. (*Id.*). The District Judge referred the matter back to the undersigned for proceedings consistent with that Order. (*Id.*).

On July 2, 2026, the undersigned directed the parties to advise the Court within five days whether they wish to provide additional briefing, and that if the parties do not respond within the specified time, the Court will assume the parties wish to proceed on their current submissions. (Doc. 23). The deadline has passed, and neither party has filed any response. Therefore, the undersigned submits the following findings and recommendations on the existing record.

## III. DISCUSSION

### A. The Governing Detention Authority Is 8 U.S.C. § 1226(c)

The District Judge has determined that the grant of DHS's motion to reopen vacated Petitioner's prior removal order, and that Petitioner's detention is therefore governed by 8 U.S.C. § 1226(c) rather than 8 U.S.C. § 1231. (Doc. 22 (citing *Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002); *Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2004))). That determination is the law of the case and binds the undersigned.

Therefore, the theory on which the prior findings and recommendations rested—that Respondents violated the revocation procedures in 8 C.F.R. § 241.13(i)—is no longer available. Those "special review procedures" govern only the revocation of a section 1231 detainee's supervised release. Because section 1231 no longer applies to Petitioner, neither does section 241.13, and the regulatory claim is moot.

Because of the determination that Petitioner is detained under section 1226(c) during

ongoing removal proceedings, the operative question is no longer the foreseeability of removal but whether the duration of mandatory detention has become unreasonable under the Due Process Clause.

**B. Claims Not Cognizable in This Proceeding**

To the extent the petition challenges the prospect of removal to Cambodia as unlawful or punitive, that claim is not properly before the Court. It is a challenge to a removal or relief determination, review of which is channeled through the immigration proceedings and, ultimately, a petition for review before the court of appeals. *See* 8 U.S.C. § 1252(a)(5), (b)(9). Further, the claim is unripe because no order removing Petitioner to Cambodia has been issued, and ICE has not yet obtained a travel document from Cambodia. Therefore, the undersigned's findings and recommendations are confined to the lawfulness of Petitioner's continued detention.

**C. Petitioner's Prolonged Detention Without a Bond Hearing Violates Due Process**

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531. Courts in this circuit, including this Court, evaluate due process challenges and bond hearings in the immigration context and under the three-factor framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *Diep v.*

*Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025).

Under the *Mathews* test, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." *Mathews*, 424 U.S. at 334–35. "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

i. Private Interest.

Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has now been detained for more than six months, which is nevertheless beyond the six-month period the Supreme Court has treated as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. On the present record—more than six months of detention and no individualized hearing of any kind—the private-interest factor weighs in Petitioner's favor.

ii. Risk of Erroneous Deprivation.

"[T]he risk of an erroneous deprivation of [a petitioner's] interest is high" where he "has not received any bond or custody redetermination hearing." *Jimenez v. Wolf*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Petitioner has received none. The very premise of an individualized bond hearing is that assertions of dangerousness and flight risk are tested before a neutral adjudicator rather than presumed from the face of a charging document. Whatever the outcome of a bond hearing, where the Government may well carry its burden given Petitioner's multiple offenses which include convictions for possession of a controlled substance and battery on a spouse, the probable value of subjecting its allegations to individualized scrutiny after more than six months of detention is substantial, and the risk of erroneous deprivation in the continued absence of any hearing is likewise high. This factor favors Petitioner.

iii. Government's Interest.

The Government's interest "[includes] the function involved and the fiscal and

administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. The Government has a strong interest in effecting removal. *Demore*, 538 U.S. at 531. In addition, the Government has a strong interest in protecting the public. But the key Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's substantial liberty interest after more than six months without review.

Weighing the *Mathews* factors, the undersigned concludes that Petitioner's continued detention under section 1226(c), without any individualized bond hearing, has become unreasonably prolonged, and that due process now requires an individualized bond hearing.

### D. Petitioner's Pending Motion for Release (Doc. 11), Motion to Enforce Habeas Corpus Order and Immediate Release (Doc. 18), and Motion for Appointment of Counsel (Doc. 13)

Petitioner's Motion for Release (Doc. 11) and Motion to Enforce Habeas Corpus Order and Immediate Release (Doc. 18) should be denied as moot. The motions seek to enforce the prior findings and recommendations (Doc. 7) as a final order granting relief and immediately release Petitioner. The District Judge has since declined to adopt those findings and recommendations (Doc. 22), so there is no order to enforce.

Further, Petitioner's Motion for Appointment of Counsel (Doc. 13) should be denied as moot. Soon after Petitioner filed his motion, counsel appeared for Petitioner. (Docs. 14 & 15). Therefore, the undersigned no longer needs to consider the motion.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **GRANTED**;
2. Within ten (10) days of any order adopting these findings and recommendations,

Respondents be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention;

3. The motion for release (Doc. 11) be **DENIED AS MOOT**;
4. The motion for appointment of counsel (Doc. 13) be **DENIED AS MOOT**;
5. The motion to enforce habeas corpus order and immediate release (Doc. 18) be **DENIED AS MOOT**.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District

Court's judgment.

IT IS SO ORDERED.

Dated: **July 20, 2026**

Erin Sung Castillo
UNITED STATES MAGISTRATE JUDGE